UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALONSO BARRERA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-03-5718 |
| § | |
| WORLDWIDE FLIGHT SERVICES § | |
| INC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

This is a Title VII action in which Plaintiff Alonso Barrera alleges that his former employer, Defendant Worldwide Flight Services, Inc. ("Worldwide"), created a hostile working environment and eventually terminated his employment because he is Hispanic. Worldwide has moved for summary judgment. Having considered the parties' filings and oral arguments, the Court hereby **GRANTS** partial summary judgment for Defendant Worldwide on Plaintiff's termination claim and **DENIES** summary judgment on Plaintiff's harassment claim..

I.  BACKGROUND

Worldwide hired Alonso Barrera as a bus driver in September 1997 and promoted him to jet bridge technician in 1999. Worldwide terminated Barrera's employment in 2000, after he allegedly violated the company's policy prohibiting racially hostile conduct by painting the letters "KKK" on a company workbench. Barrera challenged his termination, and an arbitrator reinstated him in February 2001, subject to the condition that Worldwide could terminate his employment immediately were he to violate the policy again.

On June 18, 2003, Worldwide once again terminated Barrera for violating the policy, this time by directing a racial epithet at an African American co-worker and threatening to assault the

co-worker. Barrera once again filed a grievance, but this time his termination was upheld. He filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a right-to-sue letter. He then filed suit in this Court, claiming that Worldwide violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, by subjecting him to a hostile work environment and then terminating him because he is Hispanic. Worldwide has moved for summary judgment on both claims.

## II.   ANALYSIS

### A.   Summary Judgment Standard

A motion for summary judgment requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id*.

"To survive a motion for summary judgment, a Title VII plaintiff must first establish a *prima facie* case of discrimination by a preponderance of the evidence." *Pratt v. City of*

*Houston*, 247 F.3d 601, 606 (5th Cir. 2001), *cert. denied*, 540 U.S. 1005 (2003).  Once a plaintiff has established a *prima facie* case, the burden shifts to the defendant to present a legitimate, non-discriminatory reason for the challenged action.  *Id.*  If the defendant can make such a showing, the burden shifts back to the plaintiff to prove that the legitimate reason is a mere pretext.  *Id.*

### B. The Hostile Work Environment Claim

#### 1. Barrera has established a *prima facie* case of harassment.

To make a *prima facie* case of hostile work environment harassment, a plaintiff must show that (1) he belonged to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based upon his national origin; and (4) the harassment affected a term, condition, or privilege of employment.  *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003).  The harassment must be severe and pervasive, both subjectively and objectively.  *Id.*  The Court considers "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with an employee's work performance."  *Walker v. Thompson*, 214 F.3d 615 (5th Cir. 2000) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993)).  "[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment."  *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (internal quotation marks and citation omitted).

It is undisputed that Barrera, a Hispanic, is a member of a protected group.  He alleges that two of his supervisors at Worldwide continually used derogatory terms in reference to him and to other Hispanics.  He further alleges that this abuse, along with a series of firings and

immediate reinstatements, caused him so much stress that he was forced to seek psychological treatment and to take a medical leave of absence from work. According to Barrera, he reported the problem both to Worldwide and to the union, but no action was taken to correct it. These allegations, if true, establish a *prima facie* case of hostile work environment harassment.

> **2. At this stage, Worldwide is not entitled to the *Ellerth*-*Faragher* affirmative defense.**

Worldwide claims that it cannot be held liable for any harassment perpetrated by its employees, because it has satisfied both of the requirements of the affirmative defense established by the Supreme Court in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). "The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth*, 524 U.S. at 765.

Worldwide argues that it has fulfilled the first requirement by promulgating a policy prohibiting racially hostile conduct. While it is true that *Ellerth*, *id.*, and *Faragher*, 524 U.S. at 807-08, imply that adoption of such a policy may be enough to satisfy the first requirement, it is obvious that an unenforced policy, a policy adopted in name only, does nothing to accomplish the aims of Title VII, which are not only to redress harm but also, and primarily, to prevent it. *See id.* at 805-06. If, as Barrera alleges, he repeatedly complained to Worldwide about the harassment and was repeatedly ignored, then Worldwide cannot truly be said to have an anti-

harassment policy in place.

Similarly, Barrera's claim that he reported the harassment but received no redress or protection defeats Worldwide's claim to the second prong of the affirmative defense, at least for the purposes of summary judgment. A determination whether the defense is available must be made by the trier of fact after assessing all of the parties' evidence and testimony. Because the Court must construe all disputed factual issues in the light most favorable to Barrera at the summary judgment stage, Worldwide cannot avail itself of the affirmative defense at this time. Therefore, Defendant's motion for summary judgment on the harassment claim is **DENIED**.

### C. The Termination Claim

A *prima facie* case of national origin discrimination requires a plaintiff to prove that: (1) he is a member of a protected class; (2) he performed his job at an acceptable level; (3) he was terminated because of his national origin; and (4) he was either replaced by someone not in the protected class or terminated because of his national origin. *Pratt*, 247 F.3d at 606 n.2. Worldwide argues that because Barrera was not replaced by another employee, he cannot satisfy the fourth requirement. However, Barrera can satisfy the fourth requirement by showing that he was fired because he is Hispanic, and indeed that allegation is apparently the foundation of his complaint.

Nonetheless, a close examination of the complaint and of Barrera's affidavit reveals that he is not actually alleging that he was terminated because of his national origin. He is instead arguing that he was terminated because he was an outspoken member of the union and because

Worldwide had not wanted to retain him as an employee after the "KKK" incident in 2000. (*See* First Am. Compl. at 3-4 ("These attempts were made because Plaintiff was a union member and had been previously terminated for allegedly painting racially inciteful 'KKK' lettering on company property."); Pl.'s Aff. at 3 ("I was an outspoken critic of this management and they decided to make it hard on me and try and get me to quit."); *id.* ("These managers and supervisors used terms like 'meskin' and 'wetback' on the jobsite and since I was complaining about this to Jo Bianconi and to the Union, they needed to get rid of me."); *id.* ("I had reported what I considered company rules and policy violations on the dates and occasions reported above."); *id.* ("[T]he only conclusion that I can come up with is that the Company just wanted to get rid of me because I often relayed to Jo Bianconi and to the Union what I was hearing from management.").) None of the company's alleged motivations for firing Barrera is based upon Barrera's national origin; all are based upon Barrera's speculation that Worldwide was unhappy with his outspokenness. Title VII does not provide a cause of action for this type of termination.

Because he cannot establish all of the elements of a *prima facie* case, even when all disputed facts are construed in the light most favorable to his claim, Barrera's claim of discriminatory termination must fail. Defendant's motion for summary judgment on the termination claim is therefore **GRANTED**.

**IT IS SO ORDERED.**

SIGNED this 6th day of September, 2005.

_____
Keith P. Ellison
United States District Judge